# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Christopher Robert Beaulieu</u>

    v.                               Civil No. 14-cv-280-SM

<u>William Wrenn, Commissioner,</u>
<u>New Hampshire Department of</u>
<u>Corrections, et al.</u>[1]

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Christopher Beaulieu's Complaint (doc. no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that New Hampshire Department of Corrections Commissioner William Wrenn and New Hampshire State Prison ("NHSP") administrators and officers violated Beaulieu's federal constitutional rights.  The matter is here for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

---

[1]Defendants named by Beaulieu are New Hampshire Department of Corrections ("DOC") Commissioner William Wrenn, DOC Director of Security and Training Christopher Kench, and the following New Hampshire State Prison employees:  Social Worker Barbara T. Slayton; Administrators Helen Hanks and Kevin Stevenson; Capt. Charles G. Boyajian; Capt. Paul Cascio; Corrections Officer ("C.O.") Kum, whose first name is unknown ("FNU"); C.O. John Aulis; C.O. Aaron Belanger; C.O. Michael Dube; C.O. Ed Kirrane; C.O. John Rose; C.O. FNU Salice; C.O. Michael Shepley; Hearing Officer Leavitt J. Barton; Lt. Paul N. Courchesne; Lt. Joseph Michaud; Sgt. Ken Brown; Sgt. Eric Barbaro; Sgt. Christopher Bernstein; and Nurse Practitioners Cathy Fontaine and Emily Bryant.

**STANDARD**

For the purposes of this Court's preliminary review of pro se prisoner pleadings under 28 U.S.C. § 1915A and LR 4.3(d)(1), the Court construes the pleading liberally in determining whether a pleading states a claim.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the Court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**CLAIMS**

In the Complaint (doc. no. 1), Beaulieu asserts the following allegations as grounds for defendants' liability under 42 U.S.C. § 1983[2]:

> 1.   On August 16, 2013, NHSP Corrections Officers
> ("C.O.s") Ed Kirrane and Aaron Belanger used excessive
> force against Beaulieu, in violation of Beaulieu's Eighth
> Amendment rights.
>
> 2.   On January 19, 2012, C.O. Michael Shepley, in
> violation of Beaulieu's Eighth Amendment rights, allowed

---

[2]Beaulieu makes a single reference to the Prison Rape Elimination Act of 2003 ("PREA"), stating that he was "pressured to say a PREA was false" in January 2012.  See Doc. No. 1, at 12.  The Court finds that this statement does not indicate an intention to set forth a claim based on that incident, but instead to provide context for Beaulieu's claims.

inmate Rueben Ruiter access to Beaulieu's cell and did not
prevent Ruiter's ensuing assault of Beaulieu, despite
Shepley's knowledge that Ruiter had been egged on to attack
Beaulieu, and that Ruiter presented a substantial risk of
serious harm to Beaulieu.

3.   Defendants C.O.s Aulis and Salice disclosed
unspecified "security information," including Beaulieu's
sex offender status, to inmate Scott Collier, and then
failed to prevent Collier from harassing and assaulting
Beaulieu with a fire hose.

4.   Defendants failed to protect Beaulieu from a
substantial risk that he would attempt suicide, in that
they transferred Beaulieu from the NHSP Secure Psychiatric
Unit ("SPU") to the NHSP Special Housing Unit ("SHU"),
knowing that Beaulieu had threatened to kill himself if he
were transferred.

5.   Defendants prepared false disciplinary reports, made
statements impeaching Beaulieu's witnesses and inculpating
Beaulieu, during a disciplinary hearing, and did not follow
NHSP procedures in Beaulieu's disciplinary hearings, in
violation of Beaulieu's Fourteenth Amendment right to due
process.

6.   Defendants violated Beaulieu's Eighth Amendment rights
when they: denied Beaulieu access to deodorant, soap,
shampoo, a toothbrush, and toothpaste; subjected him to
cold, dirty showers and a poorly cleaned dayroom while he
was in SPU for four months; and subjected Beaulieu to
excessive noise at night which interfered with his sleep
for approximately one month.

7.   Defendants violated Beaulieu's Eighth Amendment
rights, and are guilty of a criminal act for misinforming
Beaulieu regarding the NHSP policy on T-shirts.

8.   Defendants (a) violated Beaulieu's access to the
courts and (b) retaliated against him for threatening to
"press charges" against prison officials, in that
defendants did not grant Beaulieu immediate access to his
files containing records of grievances he had filed.

9.   Defendants on one occasion opened Beaulieu's legal

mail outside of his presence.

**DISCUSSION**

## I.    Excessive Force (Claim 1)

The Court finds that plaintiff has alleged a plausible
claim that NHSP C.O.s Kirrane and Belanger used excessive force
against plaintiff in SPU, on August 16, 2013, "maliciously and
sadistically to cause harm," rather than "in a good-faith effort
to maintain or restore discipline," Wilkins v. Gaddy, 559 U.S.
34, 37 (2010) (internal quotation marks and citation omitted).
See Doc. No. 1, at 5, 9-10.  In the Order issued this date, the
Court has directed service of Beaulieu's Eighth Amendment
excessive force claim (Claim 1 above) against Kirrane and
Belanger.

## II.   Failure to Protect (Claims 2-4)

### A.    Assault by Inmate Ruiter (Claim 2)

The Court finds that plaintiff has alleged a plausible
claim that NHSP C.O. Michael Shepley, with deliberate
indifference to a substantial risk of serious harm to Beaulieu,
failed to protect Beaulieu from an attack by inmate Rueben
Ruiter, on January 19, 2012, in C-Tier in SHU, in violation of
Beaulieu's Eighth Amendment rights.  See Doc. No. 1, at 6, 11-
12; see generally Farmer v. Brennan, 511 U.S. 825, 828-29

4

(1994).  In the Order issued this date, the Court has directed service of Beaulieu's Eighth Amendment claim (Claim 2) against Shepley.

**B.   Assault by Inmate Collier (Claim 3)**

Liberally construing Beaulieu's disjointed and circular allegations regarding inmate Scott Collier, the Court construes the Complaint to allege that C.O.s Aulis and Salice improperly disclosed "security information" including information about Beaulieu's sex offender status, to Collier, an inmate whose prison job allowed him an opportunity to have unsupervised contact with Beaulieu.  Beaulieu alleges that Collier harassed and/or "assault[ed]" Beaulieu more than three times with a fire hose, in a manner Beaulieu describes as "not accidental[]." Doc. No. 1, at 13.  Beaulieu alleges that some of those assaults happened while no guards were present, or when C.O. Kum was present but was eating.  Doc. No. 1, at 14.

While the allegations regarding C.O. Kum fails to show that Kum was deliberately indifferent to any risk to Beaulieu presented by Collier, Beaulieu's allegations regarding Aulis's and Salice's disclosures to that inmate state claims that those defendants took actions that subjected Beaulieu to a substantial risk of serious harm, with deliberate indifference to that risk. Accordingly, the Court has directed service of Claim 3, above,

5

on defendants Aulis and Salice in the Order issued this date.

   C.   **Threatened Suicide (Claim 4)**

   To establish a claim that prison officials failed to protect Beaulieu from a substantial risk of serious harm when they transferred him from SPU to SHU, Beaulieu must plead facts showing that defendants were deliberately indifferent to such a risk.  See generally Farmer, 511 U.S. at 828-29.  Beaulieu has pleaded no facts to suggest that his placement in SHU presented any substantial risk that he would have the opportunity to attempt suicide, or that prison officials were subjectively aware of any such risk and took no steps to alleviate it.  The fact that Beaulieu had a history of suicidal behavior and recently threatened that he would attempt suicide if moved to SHU, without more, does not show that the transfer to SHU subjected Beaulieu to conditions which actually presented a substantial risk of harm.  The District Judge should therefore dismiss Beaulieu's Eighth Amendment claim (Claim 4 above) regarding the transfer of Beaulieu to SHU.

## III. Due Process in Disciplinary Proceedings

   Beaulieu has asserted that prison officials filed false disciplinary claims against him, and otherwise failed to follow prison policies regarding the conduct of disciplinary proceedings, in violation of Beaulieu's Fourteenth Amendment due

process rights.  Beaulieu has alleged that the disciplinary
proceedings at issue resulted in a suspended sentence of ten
days' punitive segregation.  Those allegations fail to state any
plausible claim that prison officials deprived him of a
protected liberty interest, with respect to the disciplinary
sanctions imposed.  <u>See generally</u> <u>Sandin v. Conner</u>, 515 U.S.
472, 484 (1995) (inmate's due process rights not implicated
where disciplinary sanction does not "impose[] atypical and
significant hardship on the inmate in relation to the ordinary
incidents of prison life").  Accordingly, the District Judge
should dismiss Claim 5.

**IV.  <u>Conditions of Confinement (Claims 6-7)</u>**

　　　　Beaulieu's allegations regarding his one month of disrupted
sleep, the limited access to hygiene items for four months on
SPU (pursuant to a prison policy designed to reduce the risk
that NHSP officers would be assaulted by inmates with hygiene
product containers), cold shower temperatures, and the lack of
regular cleaning of the showers and the dayroom in SPU, fail to
state a plausible claim of deliberate indifference to a
substantial risk of serious harm.  Accordingly, the District
Judge should dismiss Claim 6.

　　　　Further, Beaulieu's allegations regarding the prison's T-
shirt policies, fail to state any federal claim.  To the extent

Beaulieu seeks to have defendants prosecuted for a crime, he lacks standing to assert such a claim.  The District Judge should thus dismiss Claim 7.

## V.    Access to Courts and Retaliation (Claim 8)

In Claims 8(a) and 8(b), Beaulieu has alleged violations of his federal constitutional rights arising out of defendants failure to provide him with access to records of grievances he filed while at the NHSP, unless Beaulieu first filed a supplemental inmate request for such records.  Beaulieu asserts that defendants placed that roadblock before him in retaliation for his threat that he would "press charges" against prison officials.

The District Judge should dismiss Beaulieu's denial of access to the courts claim (Claim 8(a)) arising out of that incident, on the ground that Beaulieu has failed to show actual injury.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).  Furthermore, the District Judge should dismiss the retaliation claim asserted by Beaulieu (Claim 8(b)), as an inmate of ordinary firmness would not be deterred from engaging in First Amendment activity for fear that prison officials would deny him access to his grievance records.  See Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009).

## VI.   Legal Mail (Claim 9)

8

Beaulieu complains that on one occasion prison officials opened legal mail outside of his presence, in violation of his right to confidentiality and privacy in legal mail.  An "isolated incident of mail tampering is usually insufficient to establish a constitutional violation." <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d Cir. 2003).  Rather, to assert a constitutional violation for the opening of legal mail, an inmate must allege that prison officials "'regularly and unjustifiably interfered with [his] legal mail.'" <u>Id.</u> (citation omitted).  Beaulieu's allegations do not demonstrate such interference.  The District Judge should therefore dismiss Beaulieu's claim (Claim 9).

## <u>CONCLUSION</u>

For the foregoing reasons, the District Judge should dismiss Claims 4 to 9.  With the exception of NHSP C.O.s John Aulis, Aaron Belanger, Ed Kirrane, FNU Salice, and Michael Shepley, all defendants should be dropped as parties.  In an Order issued this date, the Court has directed service upon Aulis, Belanger, Kirrane, Salice, and Shepley, with respect to Claims 1-3, as identified in this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the

specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).


_____
Andrea K. Johnstone
United States Magistrate Judge


August 20, 2014

cc:  Christopher Robert Beaulieu, pro se