**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher Robert Beaulieu

    v.                                                    Civil No. 14-cv-280-SM

Aaron Belanger, Edward Kirrane, John Aulis,
Dominic M. Salice, Michael Shepley

## REPORT AND RECOMMENDATION

Before the court is New Hampshire State Prison ("NHSP") inmate Christopher Beaulieu's motion to amend the complaint (doc. no. 19) to add new defendants and new claims.  Defendants remaining in this action, all of whom are NHSP Corrections Officers ("C.O.s"), have objected (doc. no. 26), contending that Beaulieu's failure to append a proposed complaint amendment to his motion renders this court unable to complete its preliminary review of the claims asserted therein.

## Background

Beaulieu filed this action in 2014.  Upon completing its preliminary review of the original complaint (doc. no. 1), the court allowed the following claims for relief to proceed under 42 U.S.C. § 1983, see Sept. 29, 2014, Order (doc. no. 10):

> 1.   On August 16, 2013, NHSP C.O. Edward Kirrane and C.O. Aaron Belanger used excessive force against Beaulieu, in violation of Beaulieu's Eighth Amendment rights.

2.   On January 19, 2012, C.O. Michael Shepley, in violation of Beaulieu's Eighth Amendment rights, allowed inmate Rueben Ruiter access to Beaulieu's cell and did not prevent Ruiter's ensuing assault of Beaulieu, despite Shepley's knowledge that Ruiter had been egged on to attack Beaulieu, and that Ruiter presented a substantial risk of serious harm to Beaulieu.

3.   Defendants C.O. John Aulis and C.O. Dominic Salice disclosed unspecified "security information," including Beaulieu's sex offender status, to inmate Scott Collier, and then failed to prevent Collier from harassing and assaulting Beaulieu with a fire hose.

Through the instant motion to amend (doc. no. 19), Beaulieu seeks to add new claims and defendants to this action. Construed liberally in conjunction with the factual allegations in the original complaint (doc. no. 1), the claims asserted in Document No. 19 are the following:

4.   NHSP Chief Paul Laflamme, C.O. Jason Whitney, and C.O. Kevin Washburn, who were in the Secure Housing Unit ("SHU") control room when Ruiter attacked Beaulieu on January 19, 2012, each acted with deliberate indifference to a substantial risk of serious harm, in violation of Beaulieu's Eighth Amendment rights: (a) by allowing Beaulieu's cell door to be open at a time when Ruiter was on the tier and had access to Beaulieu's cell; and/or (b) by allowing Laflamme unauthorized access to the SHU control room and engaging in a social conversation with him, which caused the officers to fail to observe Beaulieu's cell while Ruiter was working on the tier.

5.   Ruiter committed the intentional torts of assault and battery under New Hampshire law when he entered Beaulieu's SHU cell twice on January 19, 2012, and assaulted and injured Beaulieu on both occasions.

6.   Former NHSP inmate Scott Collier committed the intentional torts of assault and battery under New Hampshire law when he assaulted Beaulieu with a fire hose.

2

Additionally, Beaulieu asserts that Collier slandered him, and that Sgt. Eric Barbaro refused to take photos that Beaulieu believes would substantiate his claim that Kirrane and Belanger assaulted him.

## Discussion

### I.   Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that the court should freely grant a plaintiff leave to amend the complaint, "when justice so requires."  A proposed amendment seeking to add new parties "is technically governed by [Federal Rule of Civil Procedure] 21," but the "same standard of liberality" applies under either rule.  Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citations omitted).

The factual allegations giving rise to Claims 4 to 6 above are closely related to the claims that are presently proceeding in this action.  The original defendants have not demonstrated that granting the motion would interfere with the orderly disposition of the claims in this case, or otherwise unfairly prejudice their interests.  Therefore, in an Order issued on this date, the court has granted the motion to add claims and defendants to this action (doc. no. 19), and deems the factual

allegations asserted in Document No. 19 to be a complaint addendum, subject to preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

## II.  **Preliminary Review of Document No. 19**

### A.   Standard

The court next subjects Document No. 19 to preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).  The standard applied in conducting that review is the same as that set forth in the August 20, 2014, Report and Recommendation (doc. no. 6).

### B.   Claims 4-6

Claims 4-6, when construed liberally in connection with the facts alleged in the original complaint, are sufficient to survive preliminary review, and to warrant service upon the defendants identified in those claims.  In the Order issued on this date, the court has directed service of those claims against the NHSP officers identified in Claim 4.

Claim 5 and 6 cannot be served upon Ruiter and Collier at this time because plaintiff has not prepared summonses for them, and he has alleged that both of them are former NHSP inmates. In the Order issued on this date, the court has directed plaintiff to attempt to obtain addresses for Collier and Ruiter,

to prepare summonses for them, and to file those completed summonses by August 9, 2015; or to seek appropriate relief from this court, prior to that date, if he is unable to obtain Ruiter's or Collier's last known address.

C.   Remaining Allegations

In Document No. 19, Beaulieu asserts that Collier is liable to him for "slander[]."  When stripped of legal conclusions, however, Document No. 19 does not state facts sufficient to show that former inmate Collier is liable for slander or for any other reputational tort.  Accordingly, the district judge should dismiss Beaulieu's slander claim against Collier, asserted in Document No. 19.

Beaulieu also asserts a claim in Document No. 19 against NHSP Sgt. Eric Barbaro, for "tampering with evidence" by refusing to take pictures of "marks" on Beaulieu in August 2013, which Beaulieu believes would be evidence that Kirrane and Belanger assaulted him.  Beaulieu's allegations as to Sgt. Barbaro's conduct, without more, do not state any actionable claim for relief under state or federal law.  Accordingly, the district judge should drop Barbaro as a defendant, and should dismiss the claims asserted against Barbaro, arising out of the facts alleged in Document No. 19.

## Conclusion

For the foregoing reasons, the district judge should dismiss the slander claim asserted against defendant Scott Collier, and should dismiss all claims asserted against Sgt. Eric Barbaro, arising out of the facts alleged in Document No. 19.  Barbaro should be dropped as a defendant.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

June 10, 2015

cc:  Christopher Robert Beaulieu, pro se
     Laura E.B. Lombardi, Esq.

6