**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher Beaulieu,
a/k/a Crystal Beaulieu

    v.                                        Civil No. 14-cv-280-SM

John P. Aulis, Aaron M. Belanger,
Edward P. Kirrane, Dominic M. Salce,
Michael Shepley, Paul Laflamme,
Kevin Washburn, Jason Whitney,
Scott Collier, and Rueben James Ruiter

## REPORT AND RECOMMENDATION

Before the court is Christopher (a/k/a Crystal) Beaulieu's post-judgment motion (Doc. No. 105), which seeks two separate types of relief.  The court has bifurcated its consideration of that motion, addressing in this Report and Recommendation only the part of that motion (Doc. No. 105) seeking a court order garnishing defendant Rueben James Ruiter's federal income tax refund.  An Order issued separately addresses the remaining relief requested in the same motion, namely, the request for an order directing the United States Postal Service to disclose Ruiter's change of address information.

## Discussion

Beaulieu's motion (Doc. No. 105), in pertinent part, asks this court to make Beaulieu the recipient of all of Ruiter's "income tax[e]s" to satisfy Beaulieu's money judgment against Ruiter.  This court construes that request relating to taxes to be equivalent to a request that the court garnish any federal

income tax refund Ruiter may be due, while it remains in the IRS's possession, to satisfy the money judgment against Ruiter.

In general, a garnishment action for a taxpayer's income tax refund cannot be maintained against the IRS to satisfy the taxpayer's debt, as the United States has not waived its sovereign immunity for that purpose.  See Williamson v. Murray (In re Murray), 506 B.R. 129, 139 (B.A.P. 10th Cir. 2014) ("an executing creditor outside of bankruptcy cannot effectively attach an [Earned Income Tax Credit] refund held by the IRS"), aff'd, 568 Fed. App'x 477 (10th Cir. 2014); Brockelman v. Brockelman, 478 F. Supp. 141, 144 (D. Kan. 1979).  Beaulieu, who has not identified any bank or other nongovernmental entity in possession of Ruiter's tax refund, cannot obtain a court order to receive any part of Ruiter's tax refund while it remains in the possession of the IRS.  Accordingly, the district judge should deny Beaulieu's motion (Doc. No. 105), in pertinent part, to the extent Beaulieu seeks such relief.

### Conclusion

For the foregoing reasons, Beaulieu's motion for a court order (Doc. No. 105) should be denied, as to the request that the court garnish Ruiter's federal income tax refund before it is paid to Ruiter.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

July 18, 2017

cc:  Christopher (Crystal) Beaulieu, pro se
     Laura E.B. Lombardi, Esq.
     Scott Collier
     Rueben James Ruiter